**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_PAULA DAPSON_

FILED

OCT 11 2017

MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

Revised 07/07 WDNY

**Jury Trial Demanded: Yes** ✓ **No**____

Name(s) of Plaintiff or Plaintiffs

-vs-

_CITY OF ROCHESTER_
_ROCHESTER POLICE DEPARTMENT_

**DISCRIMINATION COMPLAINT**

_17_ -CV- _6704 - CJS_

Name of Defendant or Defendants

You should attach a copy of your **original Equal Employment Opportunity Commission (EEOC) complaint**, a copy of the Equal Employment Opportunity Commission **decision**, **AND** a copy of the **"Right to Sue"** letter you received from the EEOC to this complaint. Failure to do so may delay your case.

**Note:** _Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes._

This action is brought for discrimination in employment pursuant to _(check only those that apply)_:

✓   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race, color, gender, religion, national origin).
   **NOTE**: In order to bring suit in federal district court under Title VII, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

____   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166).
   **NOTE**: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you **must first file charges** with the Equal Employment Opportunity Commission.

____   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 (amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).
   **NOTE:** In order to bring suit in federal district court under the Americans with Disabilities Act, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

**JURISDICTION** is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub.L.No. 102-166, and any related claims under New York law.

**In addition to the federal claims indicated above**, you may wish to include New York State claims, pursuant to 28 U.S.C. § 1367(a).

✓    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

## PARTIES

1.   My address is: _4 FOREST KNOLL, PITTSFORD, NY 14534_

My telephone number is: _315. 857. 3737_

2.   The name of the employer(s), labor organization, employment agency, apprenticeship committee, state or local government agency who I believe discriminated against me is/are as follows:

Name: _ROCHESTER POLICE DEPARTMENT_

Number of employees: _300 +_

Address: _185 EXCHANGE BOULEVARD_
         _ROCHESTER, NY 14614_

3.   (If different than the above), the name and/or the address of the defendant with whom I sought employment, was employed by, received my paycheck from or whom I believed also controlled the terms and conditions under which I were paid or worked. (For example, you worked for a subsidiary of a larger company and that larger company set personnel policies and issued you your paycheck).

Name: _____

Address: _____

## CLAIMS

4.   I was first employed by the defendant on (date): _August 2009_

2

5.  As nearly as possible, the date when the first alleged discriminatory act occurred is: _____
    _____ *DECEMBER 2015*

6.  As nearly as possible, the date(s) when subsequent acts of discrimination occurred (if any did): _*DECEMBER 2015 – OCTOBER 5, 2017*_
    _*JANUARY 2017 – JUNE 2017*_

7.  I believe that the defendant(s)

    a. _____   Are still committing these acts against me.
    b. _✓_   Are not still committing these acts against me.
    (Complete this next item **only** if you checked "b" above)   The last discriminatory act against me occurred on (date) _*JANUARY – JUNE 2017*_
    _____

8.  (Complete this section **only** if you filed a complaint with the New York State Division of Human Rights)

    The date when I filed a complaint with the New York State Division of Human Rights is _*JUNE 14, 2016 , DECEMBER 5, 2016*_
    _ (estimate the date, if necessary)

    I filed that complaint in (identify the city and state): _*ROCHESTER, NY*_

    The Complaint Number was: *525-2016-00653, 525-2017-00127*

9.  The New York State Human Rights Commission did _____ /did not _✓___ issue a decision. (**NOTE:** If it **did** issue a decision, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

10. The date (if necessary, estimate the date as accurately as possible) I filed charges with the Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged discriminatory conduct is: _*JUNE 14, 2016 , DECEMBER 5, 2016*_

11. The Equal Employment Opportunity Commission did _✓___ /did not issue a decision. (**NOTE:** If it **did** issue a decision, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

12. The Equal Employment Opportunity Commission issued the attached Notice of Right to Sue letter which I received on: _*JULY 24, 2017*_ . (**NOTE:** If it

3

**did** issue a Right to Sue letter, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

13. I am complaining in this action of the following types of actions by the defendants:

a. _____  Failure to provide me with reasonable accommodations to the application process

b. _____  Failure to employ me

c. _____  Termination of my employment

d. _____  Failure to promote me

e. _____  Failure to provide me with reasonable accommodations so I can perform the essential functions of my job

f. \_\_✓\_\_  Harassment on the basis of my sex

g. _____  Harassment on the basis of unequal terms and conditions of my employment

h. \_\_✓\_\_  Retaliation because I complained about discrimination or harassment directed toward me

i. _____  Retaliation because I complained about discrimination or harassment directed toward others

j. \_\_✓\_\_  Other actions (please describe) _CONSTRUCTIVE DISCHARGE_

14. Defendant's conduct is discriminatory with respect to which of the following *(check all that apply)*:

a. _____ Race

b. _____ Color

c. \_\_✓\_\_ Sex

d. _____ Religion

e. _____ National Origin

f. \_\_✓\_\_ Sexual Harassment

g. _____ Age
_____ Date of birth

h. \_\_\_\_ Disability
Are you incorrectly perceived as being disabled by your employer?
\_\_\_\_ yes \_\_\_\_ no

15. I believe that I was \_\_✓\_\_ /was not _____ **intentionally** discriminated against by the defendant(s).

16. I believe that the defendant(s) is/are _____ is not/are not ✓ still committing these acts against me. (If you answer is that the acts are not still being committed, state when: _____ and why the defendant(s) stopped committing these acts against you: *NO LONGER EMPLOYED BY DEFENDANT & A CEASE & DESIST LETTER WAS ISSUED TO DEFENDANT FOR LAST RETALIATORY ACTION.*

17. **A copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of my claim.** (**NOTE**: You **must** attach a copy of the **original complaint** you filed with the Equal Employment Opportunity Commission and a copy of the **Equal Employment Opportunity Commission affidavit** to this complaint; failure to do so will delay initiation of your case.)

18. The Equal Employment Opportunity Commission *(check one)*:
    _____ **has not** issued a Right to sue letter
    ✓ **has** issued a Right to sue letter, which I received on *July 24, 2017*

19. State here as briefly as possible the *facts* of your case. Describe how each defendant is involved, including *dates* and *places*. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *(Use as much space as you need. Attach extra sheets if necessary.)*

*SEE ATTACHED DOCUMENTS :*

- *EXHIBIT A - PARAGRAPHS NUMBERED 1 - 63 (9 pgs.)*
- *DISMISSAL/NOTICE OF RIGHTS/RIGHT TO SUE LETTER*
- *CHARGE RE DISCRIMINATION - CHARGE # 525-2016-00653 w/ ATTACHED AFFIDAVIT DATED JUNE 7, 2016*
- *CHARGE OF DISCRIMINATION - CHARGE # 525-2017-00127 w/ ATTACHED AFFIDAVIT DATED DECEMBER 1, 2016*

## FOR LITIGANTS ALLEGING AGE DISCRIMINATION

20. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct
    _____ 60 days or more have elapsed    _____ less than 60 days have elapsed

## FOR LITIGANTS ALLEGING AN AMERICANS WITH DISABILITIES ACT CLAIM

21. I first disclosed my disability to my employer (or my employer first became aware of my disability on _____

22.   The date on which I first asked my employer for reasonable accommodation of my
      disability is _____

      _____

23.   The reasonable accommodations for my disability (if any) that my employer provided to
      me are: _____

      _____

      _____

      ___

24.   The reasonable accommodation provided to me by my employer were _____/were not
      _____ effective.

**WHEREFORE**, I respectfully request this Court to grant me such relief as may be appropriate,
including injunctive orders, damages, costs and attorney's fees.

Dated: _10/11/2017_                    _____

                                       Plaintiff's Signature

6

PAULA DAPSON — EXHIBIT A

1. I was employed by the Rochester Police Department ("RPD" or "Respondent") as a civilian Evidence Technician from August 2009 - October 2016 at Respondent's main headquarters location on Exchange Boulevard in Rochester.

2. As an Evidence Technician I report directly to Sgt. Michael Coon, the supervisor of the Technician Unit.

3. On or around October 20, 2011 I notified Respondent of severe sexual harassment that I suffered by Respondent's Officer, Eliud Rodriquez.

4. At that time I indicated that I felt physically threatened by the Officer given a number of incidents that occurred during a Respondent sponsored training event out of state in July 2011.

5. In response to my complaint, on October 26, 2011, the then RPD Chief, James Sheppard, issued an Order directing the Officer to have no further contact of any kind with me. The Order has never expired and per the terms of that Order the Officer was transferred to a different shift and location.

6. In late May 2012, I discovered that the Officer had been transferred back to my work site and was working on a similar schedule to my own.

7. I again complained about Respondent's failure to comply with the Order and after discussion between my then attorney and Respondent's attorney, the Officer was eventually moved out of my work site and off of my schedule.

8. Unfortunately, since that time, this matter has only continued to escalate and I was subjected to a hostile work environment in retaliation for my complaints of discrimination.

9. In early December 2015, the Officer was again placed in a position as an investigator on a shift that directly overlaps with my shift for four hours.

10. Additionally, investigators on this shift typically work well over their shift hours which would overlap our schedules by 6-7 hours.

11. This action was particularly concerning given that investigators and technicians have to work closely together in the furtherance of each of their duties.

12. I immediately reported this issue to my union representation who notified the Chief of the issue.

13. My concerns were completely ignored and the Officer was left on my shift for approximately two months.

14. After my complaint I immediately noticed increased surveillance by Sgt. Coon of my daily workings within the Department.

15. It is well known that Sgt. Coon and Officer Rodriquez are friends.

16. Because of Respondent's failure to take action, on February 2, 2016, I came face to face with the Officer while in the course of my normal job duties. I immediately notified my chain of command of the encounter and immediately left the job premises.

17.     Incredulously, on February 10, 2016 for the first time in my career I became the subject of an investigation regarding my job performance.

18.     Prior to that date I was considered an excellent employee and was highly regarded for my performance in the Unit.

19.     Inexplicably, on March 15, 2016, I was again reprimanded for perceived performance issues.

20.     It is my understanding that these alleged "performance issues" are merely manufactured issues being used in furtherance of taking disciplinary action against me in retaliation for my complaints.

21.     After my complaint I also began being denied discretionary overtime despite the fact that others in my Unit were granted such time.

22.     Since my most recent complaint I have also been subjected to the purposeful isolation of myself within the Unit, my supervisor has encouraged other employees to not communicate with me regarding my cases, and has induced the same employees to gather information to use against me.

23.     I was also given a negative evaluation by Sgt. Coon in February 2016 solely because of his fabricated opinion that I cannot get along with others.

24.     Notably, I had been treated differently than others in my Unit since my initial complaint.  For example,  I have only received very basic video retrieval training since 2012 while the rest of my Unit has been sent to several educational training sessions to help them enhance their job skills.

25.    When I was out of work on medical leave, it was my understanding that
       Respondent did not intend to comply with the terms of the Order moving
       forward and that the Officer may remain in close proximity to me upon my
       return.

26.    I filed a claim of sexual harassment retaliation with the EEOC against the
       RPD on June 14, 2016, Charge No. 525-2016-00653 with an amendment
       dated December 5, 2016, Charge No. 525-2017-00127.

27.    At the date of the initial filing, I was on medical leave from the RPD.

28.    I fully returned to work on the evening of June 28, 2016.

29.    Upon my return, I was again subjected to a hostile work environment in
       retaliation for my previous discrimination complaints.

30.    Immediately upon my return I discovered that my supervisor, Sgt. Coon,
       had reassigned my call number which identifies me over the radio to other
       Officers and Technicians.   He had also reassigned my RPD vehicle
       number.

31.    I worked as a Technician at the RPD for over 7 years and only ever had
       two call numbers and one vehicle number assigned to me.  All Officers
       and Dispatchers know me by my call and vehicle number.

32.    My numbers were permanently reassigned to the newest employee in the
       Technician Unit by Sgt. Coon while I was out on leave.  In return, I was
       given a "floater" number, which meant that I had multiple different
       numbers and vehicle assignments depending on my shift.

33. Such a change is unprecedented and I know of no other instance where an individual on medical leave was stripped of their numbers.

34. Further, Sgt. Coon never informed me of the change and I was forced to discover it on my own. Had I not realized the change I would have missed or inadvertently ignored calls.

35. Further, upon my return I was no longer allowed to work homicide cases which is a large portion of my position and also significantly limited the availability of overtime to me and diminished my experience and skills.

36. All other Technicians were allowed large amounts of discretionary overtime.

37. On July 12, 2016 I was publicly kicked off a homicide scene in front of at least 30 people by Sgt. Coon. There was absolutely no reason for my removal from that site.

38. Such action caused me severe distress and humiliation.

39. Prior to    December 2015 when I again began complaining of discrimination in the workplace, I was considered a highly experienced and reliable technician for homicide scenes.

40. I later learned that Sgt. Coon informed other department members that I was no longer allowed on homicides because I could not "be trusted."

41. Further, upon my return I was ignored by Sgt. Coon who refused to speak to me or answer my emails unless it involved disciplining or reprimanding

me in some manner. His behavior toward me was much different than the friendly and cordial relationships he had with all other Technicians.

42. He also began having other Technicians engage in surveillance toward me to make sure I was where I purported to be. Those Technicians were also provided large amounts of additional professional training which was not offered to me.

43. On July 11, 2016 I was summoned to the Professional Standards Section to be interviewed regarding my claims of retaliation. That interview lasted more than three hours and to date, I have no knowledge of any outcome of that investigation.

44. On August 3, 2016 I was written up by Sgt. Coon for an evidence issue. I am aware of other instances in which other Technicians have had the same issue, and have not been issued a write up.

45. Sgt. Coon further questioned the credibility of an overtime slip I submitted regarding a meeting I had with the District Attorney's Office (which is a standard part of my job). Such questions are unprecedented and to date, the overtime has not been paid to me.

46. On August 14, 2016 I learned that Officer Rodriguez, the individual who sexually harassed me, was again being placed in a temporary position (a promotion) that would guarantee his shift would overlap with my shift therefore, violating the RPD's No Contact Order that is the subject of my initial EEOC complaint.

47.   On September 6, 2016, that Order was violated when Officer Rodriguez
      and I were forced to work on a crime scene together. At the time, I raised
      the issue with the commanding officer and was told there was nothing he
      could do about it.

48.   Soon thereafter, I again went out on medical leave because of the stress
      and anxiety caused by the interaction.

49.   Throughout August and September 2016, Sgt. Coon would question any
      overtime I submitted and placed my meetings with the DA's office under
      constant scrutiny. No other Technicians were subject to such scrutiny.

50.   On September 21, 2016 I learned that Officer Rodriguez was being fully
      promoted to investigator and would permanently be placed on a shift that
      would guarantee his overlap with my shift thereby placing him in full
      contact with me and violating the Department Order.

51.   As a result of the escalating and hostile work environment in which I was
      working on September 21, 2016 I forcibly resigned my position with the
      RPD effective October 5, 2016.

52.   While I resigned my position, I did so only because my working conditions
      were made to be so unreasonable that I had no choice but to resign my
      position.      Therefore, because of the retaliation I suffered, I was
      constructively discharged from my position.

53.     I then filed an amended charge (Charge No. 525-2017-00127) outlining the additional retaliatory actions taken against me including my constructive discharge.

54.     After my discharge I received an illegal deduction from my last paycheck . I contacted RPD to inquire about that deduction and was told I was not being paid for 30 minutes of time because Sgt. Coon indicated I had an unauthorized absence for the last 30 minutes of my last shift.

55.     Such an allegation is false. I never left early and in fact, was packing all of my gear, equipment and uniforms and returning those. I was also cleaning out my desk and locker and did not leave until my designated time of 7am.

56.     Since my separation from the RPD, I have been unable to find work for which I am highly qualified and I have been "blacklisted" by the RPD because of the issues described above.

57.     Additionally, in February 2016 I discovered my personnel file posted on the Internet by the RPD on a publicly available website.

58.     This file contained the entire contents of the PSS investigation including interviews, a document that included my name, address, phone number, birth date, social security number, details of my employment, and other highly sensitive and derogatory information.

59.     This action of online libel is a clear retaliatory action and has directly affected my ability to find employment.

Page 8 of 9

60.   Because of my constructive discharge caused by the retaliation I suffered
      in violation of Title VII of the Civil Rights Act and the New York State
      Human Rights Law and the retaliatory action of online libel, I have
      suffered significant damages including lost wages and benefits and
      extreme emotional distress.

61.   As previously noted, I have filed a claim of sexual harassment retaliation
      with the EEOC against the RPD on June 14, 2016, Charge No. 525-2016-
      00653 with an amendment dated December 5, 2016, Charge No. 525-
      2017-00127.

62.   I received a Right to Sue letter from the EEOC on July 24, 2017.

63.   Therefore, I bring this action seeking monetary damages and any other
      relief deemed proper under Title VII of the Civil Rights Act, the New
      York State Human Rights Law and various New York common law
      principles including defamation and libel.

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Paula Dapson**
**10 Aston Villa**
**North Chili, NY 14514**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Luis E. Olivares,** | |
| **525-2016-00653** | **Investigator** | **(617) 565-3206** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; In other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit **may not be collectible.**

On behalf of the Commission

Enclosures(s)

**Feng K. An,**
**Area Office Director**

|JUL 17 2017

(Date Mailed)

cc: **Tassie Demps**
**Human Resources Director**
**CITY OF ROCHESTER**
**Department Human Resources Management**
**City Hall, Room 103A, 30 Church Street**
**Rochester, NY 14614**

**Kimberly A. Glennon, Esq.**
**THE LAW OFFICE OF KIMBERLY A GLENNON**
**160 Linden Oaks**
**Rochester, NY 14625**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| 9 FEPA | |
| X EEOC | 525-2016-00653 |

New State Division of Human Rights _____ and EEOC
_State or Local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.) | | Home Telephone (Include Area Code) |
|---|---|---|
| Paula Dapson | | (315) 857-3737 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 10 Aston Villa | North Chili, New York 14514 | 5/25/1976 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Rochester Police Department | 300+ | (585) 428-6718 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 185 Exchange Boulevard | Rochester, New York 14614 | RECE Monroe |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| | | JUN 1 4 2016 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | E.E.O.C. COUNTY |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON (Check Appropriate Box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| RACE  COLOR  SEX  RELIGION  NATIONAL ORIGIN | EARLIEST          LATEST |
| X RETALIATION  AGE  DISABILITY  OTHER (Specify) | CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)): (Please also see attached Affidavit of Complainant)

1   I began working for Respondent in August 2009 as an Evidence Technician at Respondent's main headquarters location
2   On or around October 20, 2011, I notified Respondent of sexual harassment that occurred by Respondent's Officer, Elud Rodriquez
3   I indicated that I felt physically threatened by the Officer given a number of incidents that occurred during a Respondent sponsored training event out of state
4   In response to my complaint, on October 26, 2011, the then RPD Chief, James Sheppard, issued an Order directing the Officer to have no further contact with me  Per the terms of that Order, the Officer was transferred to a different shift and location  The Order has never expired
5   In late May 2012, I discovered that the Officer had been transferred back to my worksite and schedule, in violation of the Order  I complained about Respondent's failure to comply with the Order.
6   After discussions with my attorney, Respondent eventually moved the Officer out of my worksite and off my schedule.
7   Unfortunately, this matter has only continued to escalate and I am now subject to a hostile work environment in retaliation for my complaints of discrimination
8   In early December 2015, the Officer was again placed in a position as an investigator on a shift that directly overlaps with my shift for four hours  This was especially concerning given the close contact required between investigators and technicians
9   I immediately reported this issue to my Union representation who reported this to the Chief  My concerns were ignored
10  Because of Respondent's failure to take action, on February 2, 2016, I came face to face with the Officer while in the course of my job duties
11  Incredulously, on February 10, 2016 for the first time in my career I became the subject of an investigation regarding my job performance  The investigation was initiated by my supervisor Sgt Coon  Prior to that date I was a highly regarded employee with an excellent performance record
12  On March 15, 2016 I was again reprimanded for fabricated performance issues
13  Further, after my last complaint I began being denied discretionary overtime by Sgt. Coon despite the fact that others in my unit were granted such time
14  While I am currently out of work on medical leave, it is my understanding that Respondent does not intend to comply with the terms of the Order moving forward
15  Therefore, I charge Respondent with violations of the retaliation provisions of Title VII of the Civil Rights Act.

I want this charge filed with both the EEOC and the State or Local agency, if any.  I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

Complainant's Counsel:
Kimberly A. Glennon, Esq.
160 Linden Oaks
Rochester, NY 14625   585-389-6102

NOTARY – (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

X _signature_

SIGNATURE OF COMPLAINANT    Emma A. Rabideau

I declare under penalty of perjury that the foregoing is true and correct.

_signature_
Date    Charging Party (Signature)

EMMA A. RABIDEAU
Notary Public, State of New York
No. 02RA6318792
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month and year) Commission Expires Feb. 2, 20__

EEO FORM 5 (Test 10/94)

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

PAULA DAPSON,

          *Charging Party,*

v.

ROCHESTER POLICE DEPARTMENT,

          *Respondent.*

**EEOC AFFIDAVIT**

Charge No. *525 - 2016 - 00653*

STATE OF NEW YORK) ss:
COUNTY OF MONROE)

    PAULA DAPSON, being duly sworn, deposes and states:

1.    I have been employed by the Rochester Police Department ("RPD" or "Respondent") as a civilian Evidence Technician since August 2009 at Respondent's main headquarters location on Exchange Boulevard in Rochester.

2.    As an Evidence Technician I report directly to Sgt. Michael Coon, the supervisor of the Technician Unit.

3.    On or around October 20, 2011 I notified Respondent of severe sexual harassment that I suffered by Respondent's Officer, Eliud Rodriquez.

4.    At that time I indicated that I felt physically threatened by the Officer given a number of incidents that occurred during a Respondent sponsored training event out of state in July 2011.

5.    In response to my complaint, on October 26, 2011, the then RPD Chief, James Sheppard, issued an Order directing the Officer to have no further contact of any kind with me. The Order has never expired and per the terms of that Order the Officer was transferred to a different shift and location.

6. In late May 2012, I discovered that the Officer had been transferred back to my worksite and was working on a similar schedule to my own.

7. I again complained about Respondent's failure to comply with the Order and after discussion between my then attorney and Respondent's attorney, the Officer was eventually moved out of my worksite and off of my schedule.

8. Unfortunately, since that time, this matter has only continued to escalate and I am now subject to a hostile work environment in retaliation for my complaints of discrimination.

9. In early December 2015, the Officer was again placed in a position as an investigator on a shift that directly overlaps with my shift for four hours.

10. Additionally, investigators on this shift typically work well over their shift hours which would overlap our schedules by 6-7 hours.

11. This action was particularly concerning given that investigators and technicians have to work closely together in the furtherance of each of their duties.

12. I immediately reported this issue to my union representation who notified the Chief of the issue.

13. My concerns were completely ignored and the Officer was left on my shift for approximately two months.

14. After my complaint I immediately noticed increased surveillance by Sgt. Coon of my daily workings within the Department.

15. It is well known that Sgt. Coon and Officer Rodriquez are friends.

16. Because of Respondent's failure to take action, on February 2, 2016, I came face to face with the Officer while in the course of my normal job duties. I immediately notified my chain of command of the encounter and immediately left the job premises.

- 2 -

17.    Incredulously, on February 10, 2016 for the first time in my career I became the subject of an investigation regarding my job performance.

18.    Prior to that date I was considered an excellent employee and was highly regarded for my performance in the Unit.

19.    Inexplicably, on March 15, 2016, I was again reprimanded for perceived performance issues.

20.    It is my understanding that these alleged "performance issues" are merely manufactured issues being used in furtherance of taking disciplinary action against me in retaliation for my complaints.

21.    After my complaint I also began being denied discretionary overtime despite the fact that others in my Unit were granted such time.

22.    Since my most recent complaint I have also been subjected to the purposeful isolation of myself within the Unit, my supervisor has encouraged other employees to not communicate with me regarding my cases, and has induced the same employees to gather information to use against me.

23.    I was also given a negative evaluation by Sgt. Coon in February 2016 solely because of his fabricated opinion that I cannot get along with others.

24.    Notably, I have been treated differently than others in my Unit since my initial complaint. For example, I have only received very basic video retrieval training since 2012 while the rest of my Unit has been sent to several educational training sessions to help them enhance their job skills.

25.    While I am currently out of work on medical leave, it is my understanding that Respondent does not intend to comply with the terms of the Order moving forward and that the Officer may remain in close proximity to me upon my return.

26.    Therefore, based on the foregoing, I charge Respondent with violations of the retaliation provisions of Title VII of the Civil Rights Act.

Dated: June 7, 2016

**PAULA DAPSON**

Sworn to before me this 7

day of ___June___, 2016

_Emma A. Rabideau_
*Notary Public*

EMMA A. RABIDEAU
Notary Public, State of New York
No. 02RA6318792
Qualified in Monroe County
Commission Expires Feb. 2, 20__

- 4 -

| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | | **AGENCY**<br>9 FEPA<br>X EEOC | **CHARGE NUMBER**<br>525-2017-00127 |
|---|---|---|---|

| New York State Division of Human Rights | and EEOC |
|---|---|
| State or Local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Telephone (Include Area Code) |
|---|---|
| Paula Dapson | (315) 857-3737 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 10 Aston Villa | North Chili, New York 14514 | 5/25/1976 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Rochester Police Department | 300+ | (585) 428-6718 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 185 Exchange Boulevard | Rochester, New York 14614 | Monroe |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|

RECEIVED
DEC 0 5 2016
E.E.O.C. BULO

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON (Check Appropriate Box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| RACE   COLOR  SEX   RELIGION   NATIONAL ORIGIN<br>X RETALIATION   AGE  DISABILITY X OTHER (Specify)Constructive Discharge | EARLIEST         LATEST<br>Ongoing violation |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)): (Please also see attached Affidavit of Complainant)

1. I was employed by the Rochester Police Department as a civilian Evidence Technician from August 2009-October 2016 at Respondent's main headquarters location on Exchange Boulevard in Rochester
2. I filed a claim of sexual harassment retaliation with the EEOC against the RPD on June 14, 2016. That matter is ongoing and is Charge No. 525-2016-00653.
3. As of the date of that filing, I was on medical leave from the RPD.
4. I fully returned to work on the evening of June 28, 2016.
5. The retaliation for my complaints of discrimination continued after my return.
6. The details of which are outlined in the attached Affidavit of Complainant and hereby incorporated into this Charge.
7. As set forth in the attached Affidavit, ultimately, I was constructively discharged from my position with the RPD and my last day was October 5, 2016
8. My working conditions were made to be so unreasonable that I had no choice but to resign my position on September 21, 2016 effective October 5, 2016.
9. Therefore, based on the foregoing, the attached Affidavit of Complainant and in conjunction with my initial EEOC Charge of Discrimination, I charge Respondent with violations of the retaliation and constructive discharge provisions of Title VII of the Civil Rights Act.

| I want this charge filed with both the EEOC and the State or Local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br>Complainant's Counsel: Kimberly A. Glennon<br>Kimberly A. Glennon, Esq.<br>160 Linden Oaks<br>Rochester, NY 14625  585-389-6102 | NOTARY - (When necessary for State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>12/1/16<br>X _Paula Dapson_ |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>X<br>Date          Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year) PETER J. GLENNON<br>Notary Public, State of New York<br>No. 02GL6133899<br>Qualified in Monroe County<br>Commission Expires September 19, 20 17 |

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

PAULA DAPSON,

                              *Charging Party,*

*v.*

ROCHESTER POLICE DEPARTMENT,

                              *Respondent.*

RECEIVED

DEC 0 5 2016

E.E.O.C. BULO

**EEOC AFFIDAVIT**

Charge No. 525-2017-00127

**STATE OF NEW YORK) ss:
COUNTY OF MONROE)**

        **PAULA DAPSON**, being duly sworn, deposes and states:

1.      I was employed by the Rochester Police Department ("RPD" or "Respondent") as a civilian

Evidence Technician from August 2009 - October 2016 at Respondent's main headquarters location

on Exchange Boulevard in Rochester.

2.      I filed a claim of sexual harassment retaliation with the EEOC against the RPD on June 14,

2016. That matter is ongoing and is Charge No. 525-2016-00653.

3.      It is my understanding that Charge has not yet been assigned to a specific investigator.

4.      As of the date of that filing, I was on medical leave from the RPD.

5.      I fully returned to work on the evening of June 28, 2016.

6.      Upon my return, I was again subjected to a hostile work environment in retaliation for my

previous discrimination complaints.

7.      Immediately upon my return I discovered that my supervisor, Sgt. Coon, had reassigned my

call number which identifies me over the radio to other Officers and Technicians. He had also

reassigned my RPD vehicle number.

8.     I worked as a Technician at the RPD for over 7 years and only ever had two call numbers and one vehicle number assigned to me. All Officers and Dispatchers know me by my call and vehicle number.

9.     My numbers were permanently reassigned to the newest employee in the Technician Unit by Sgt. Coon while I was out on leave. In return, I was given a "floater" number, which meant that I had multiple different numbers and vehicle assignments depending on my shift.

10.    Such a change is unprecedented and I know of no other instance where an individual on medical leave was stripped of their numbers.

11.    Further, Sgt. Coon never informed me of the change and I was forced to discover it on my own. Had I not realized the change I would have missed or inadvertently ignored calls.

12.    Further, upon my return I was no longer allowed to work homicide cases which is a large portion of my position and also significantly limited the availability of overtime to me and diminished my experience and skills.

13.    All other Technicians were allowed large amounts of discretionary overtime.

14.    On July 12, 2016 I was publicly kicked off a homicide scene in front of at least 30 people by Sgt. Coon. There was absolutely no reason for my removal from that site.

15.    Such action caused me severe distress and humiliation.

16.    Prior to December 2015 when I again began complaining of discrimination in the workplace, I was considered a highly experienced and reliable technician for homicide scenes.

17.    I later learned that Sgt. Coon informed other department members that I was no longer allowed on homicides because I could not "be trusted."

- 2 -

18.     Further, upon my return I was ignored by Sgt. Coon who refused to speak to me or answer my emails unless it involved disciplining or reprimanding me in someway. His behavior toward me was much different than the friendly and cordial relationships he had with all other Technicians.

19.     He also began having other Technicians engage in surveillance toward me to make sure I was where I purported to be. Those Technicians were also provided large amounts of additional professional training which was not offered to me.

20.     On July 11, 2016 I was summoned to the Professional Standards Section to be interviewed regarding my claims of retaliation. That interview lasted more than three hours and to date, I have no knowledge of any outcome of that investigation.

21.     On August 3, 2016 I was written up by Sgt. Coon for an evidence issue. I am aware of other instances in which other Technicians have had the same issue, and have not been issued a write up.

22.     Sgt. Coon further questioned the credibility of an overtime slip I submitted regarding a meeting I had with the District Attorney's Office (which is a standard part of my job). Such questions are unprecedented and to date, the overtime has not been paid to me.

23.     On August 14, 2016 I learned that Officer Rodriguez, the individual who sexually harassed me was again being placed in a temporary position (a promotion) that would guarantee his shift would overlap with my shift therefore, violating the RPD's No Contact Order that is the subject of my initial EEOC complaint.

24.     On September 6, 2016, that Order was violated when Officer Rodriguez and I were forced to work on a crime scene together. At the time, I raised the issue with the commanding officer and was told there was nothing he could do about it.

25.     Soon thereafter, I again went out on medical leave

26.     Throughout August and September 2016, Sgt. Coon would question any overtime I submitted and placed my meetings with the DA's office under constant scrutiny. No other Technicians were subject to such scrutiny.

27.     On September 21, 2016 I learned that Officer Rodriguez was being fully promoted to investigator and would permanently be placed on a shift that would guarantee his overlap with my shift thereby placing him in full contact with me and violating the Department Order.

28.     As a result of the escalating and hostile work environment in which I was working, on September 21, 2016 I resigned my position with the RPD effective October 5, 2016.

29.     While I resigned my position, I did so only because my working conditions were made to be so unreasonable that I had no choice but to resign my position. Therefore, because of the retaliation I suffered, I was constructively discharged from my position.

30.     After my discharge I received an illegal deduction from my last paycheck . I contacted RPD to inquire about that deduction and was told I was not being paid for 30 minutes of time because Sgt. Coon indicated I had an unauthorized absence for the last 30 minutes of my last shift.

31.     Such an allegation is false. I never left early and in fact, was packing all of my gear, equipment and uniforms and returning those. I was also cleaning out my desk and locker and did not leave until my designated time of 7am.

32.     I have since been told that I will be paid for that time but to date, I have not received that check.

33.     Since my separation from the RPD, I have been unable to find work for which I am highly qualified and believe I have been "blacklisted" by the RPD because of the issues described above.

34.     Because of my constructive discharge, I have suffered significant damages including lost wages and benefits and extreme emotional distress.

- 4 -

35.     Therefore, based on the foregoing and in conjunction with my other Charge of Discrimination, I

again charge Respondent with violations of the retaliation and constructive discharge provisions of Title

VII of the Civil Rights Act.

Dated: December 1, 2016

**PAULA DAPSON**

Sworn to before me this ____

day of ____ December 2016 ____

*Notary Public*

PETER J. GLENNON
Notary Public, State of New York
No. 02GL6133899
Qualified in Monroe County
Commission Expires September 19, 20__